Lawrence Mark **POHLABEL**

v.

**UNITED STATES of America.**

**Civ. A. No. 1034.**

United States District Court
N. D. Georgia,
Gainesville Division.

Feb. 24, 1965.

Marie Leachman, Atlanta, Ga., for Mr. Pohlabel.

———◆———

Charles Goodson, U. S. Atty., and Bobby Milam, Asst. U. S. Atty., Atlanta, Ga., for the United States.

## ORDER ON MOTION TO VACATE JUDGMENT

HOOPER, District Judge.

On October 1, 1963, an indictment was returned by the Grand Jury charging that Lawrence Mark Pohlabel did, on or about April 9, 1963, "knowingly and feloniously break and enter the United States Post Office at Lula, Georgia, with intent to commit larceny therein, in violation of Sec. 2115, Title 18, U.S.C.A."

On the 4th day of October, 1963, the defendant was arraigned and upon arraignment he waived the right to assistance of counsel and entered a plea of not guilty to the offense charged in the indictment.

On October 14, 1963, the defendant, appearing with counsel, Larry Cohran, Esq., filed a motion to change his plea of not guilty to one of guilty which was approved and allowed by the Court on that date and on the same day, defendant, appearing with counsel, Larry Cohran, Esq., entered a plea of guilty to the charge contained in the indictment.

On the 17th day of October, 1963, the defendant appeared before the Court for sentence, waived the presence of his counsel, Larry Cohran, Esq., and the Court committed him to the custody of the Attorney General for a period of Three Years.

On August 13, 1964, Lawrence Mark Pohlabel presented a motion to vacate sentence under the provisions of 28 U.S.C. § 2255.[1] This motion was allowed filed in forma pauperis by the Court and a hearing was set upon the allegations of the motion at Atlanta, Georgia at 11:00 A.M. on the 31st day of August, 1964. Movant's motion that the Court appoint counsel to represent him was denied by the Court. The grounds of the

---

1. This is Movant's second motion to vacate sentence under Sec. 2255. The first mo-
tion to vacate was filed as Civil Action No. 1012.

motion to vacate sentence, briefly stated, are:

1. Movant was denied the right to counsel of his choice.

2. He was not served a copy of the indictment by due process.

3. That he was of unsound mind at the time of the entry of his plea and did not understand the nature of the charges and proceedings against him.

4. That the United States Attorney's office was on notice of his mental condition prior to the time he entered his plea.

On the 31st day of August, 1964, Movant, appearing before the Court for hearing on his motion to vacate sentence, informed the Court that he desired to contact his attorney, Mrs. Marie Leachman, and did not desire to proceed with the hearing at that time. This case was later rescheduled for hearing at 10:00 A.M. on the 9th day of February, 1965.

Hearings were had before the Court, Atlanta, Georgia, on February 9, 1965 and on February 10, 1965, at which time Movant was represented by counsel, Mrs. Marie Leachman, and at times, with permission from the Court, Movant himself examined certain witnesses. Some 18 witnesses appeared and testified, including expert witnesses Dr. Harry Robert Lipton, M.D., consultant in psychiatry, and Laurence L. Bryan, Ph.D., Clinical Psychologist.

■ None of the testimony or other evidence adduced at the hearings tends to support or prove Movant's allegations that he was denied the right to counsel of his own choice except the testimony of Movant himself, and the Court finds that Movant has failed to carry the burden of proving and establishing this ground of his motion and that Movant was represented by counsel of his own choosing.

■ The testimony and evidence also fails to establish that Movant "was not served with a copy of the indictment as required by due process" and the Court finds that when defendant was arraigned on October 4, 1963, the indictment was read to him at that time and prior to October 14, 1963, at which time defendant appeared with counsel, Larry Cohran, Esq., and entered a plea of guilty to the charges contained in the indictment after having filed a motion to change his plea of not guilty to one of guilty, a copy of the indictment was obtained from the United States Attorney by Movant's counsel, Mr. Larry Cohran, Esq.

■ The testimony and evidence also failed to establish that Movant was of unsound mind at the time of entry of his plea of guilty and that he did not understand the nature of the charges and proceedings against him. The Court finds that at the time Movant entered his plea of guilty to the charges against him, that he was not psychotic, that he knew the difference between right and wrong, that he understood the nature of the charges and proceedings against him and that he was able to intelligently advise with counsel, assist in his own defense, and stand trial at that time.

The Movant in this case is neither illiterate nor uninformed, but a man of experience, fully aware of his constitutional rights. As a matter of fact, he has had considerable previous experience in Court, and on this trial displayed a considerable knowledge of law by his cross-examination of witnesses and otherwise.

■ The testimony and evidence also fails to show that the United States Attorney's office was on notice of Movant's alleged mental condition prior to the time he entered his plea. The Court finds that the United States Attorney's office did not have any knowledge of Movant's alleged mental condition prior to being arraigned and entering his plea of guilty and the Court further finds that there were no facts available to support Movant's contention that he had a prior mental history.

Movant's motion is overruled and denied.